UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS,

                Plaintiff,

v.                                                   Case Number 07-12839
                                                 Honorable David M. Lawson

THE U.S. MARSHAL'S SERVICE FOR THE
EASTERN DISTRICT OF MICHIGAN,
THE WAYNE COUNTY JAIL, THE SANILAC
COUNTY JAIL, THE OAKLAND COUNTY JAIL,
THE OAKLAND COUNTY JAIL TRANSPORT,
OFFICER M. DIAZ and OAKLAND COUNTY
JAIL SUPERVISOR CARNEY,

                Defendants.
_____/

**ORDER DISMISSING THE UNITED STATES MARSHAL'S SERVICE
AND DIRECTING SERVICE ON THE REMAINING DEFENDANTS**

The plaintiff, Sherman Pegross, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Narcotics Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The defendants are the United States Marshal's Service; the Wayne County Jail; the Sanilac County Jail; the Oakland County Jail; the Oakland County Jail Transport; and Oakland County Deputy Sheriffs Carney and M. Diaz.

The plaintiff alleges that he was a federal pretrial detainee in the Wayne, Sanilac, and Oakland County jails between November 22, 2005 and January 24, 2007. He contends that harsh conditions at the jails resulted in the deprivation of his constitutional rights. The plaintiff allegedly informed the United States Marshal's Service about the unconstitutional conditions at the jails, but the Marshal's Service claimed that it was required to use the jails due to its own lack of manpower.

Federal district courts must "undertake *sua sponte* review of Section 1983 complaints filed by prisoners to determine whether the complaints state claims on which relief may be granted."

*Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, __ U.S. __, 127 S. Ct. 910 (2007). "A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel." *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Courts may dismiss all or a portion of an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee if the complaint (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The plaintiff's allegations about the United States Marshal's Service are frivolous and fail to state a claim because the Marshal's Service is a federal agency. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The plaintiff has failed to show that the Marshal's Service waived its sovereign immunity here.

Accordingly, it is **ORDERED** that the Marshal's Service is dismissed from this action.

It is further **ORDERED** that the United States Marshal shall serve the complaint and other appropriate papers on the remaining defendants, including Wayne County, Sanilac County, Oakland County, Oakland County Deputy Sheriff M. Diaz, and Oakland County Jail Supervisor Carney. The Marshal may collect the usual and customary costs from the plaintiff after effecting service.

It is further **ORDERED** that the plaintiff shall serve a copy of all future documents on the defendants or on defense counsel if legal counsel represents the defendants. The plaintiff shall

attach to all original documents filed with the Clerk of Court a certificate stating the date that the plaintiff mailed a copy of the original document to the defendants or to defense counsel. The Court will disregard any paper received by a district judge or a magistrate judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: August 10, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 10, 2007.

s/Felicia M. Moses  
FELICIA M. MOSES