UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS,

       Plaintiff,                            CIVIL ACTION NO. 07-12839

     v.                                    DISTRICT JUDGE DAVID M. LAWSON

THE U.S. MARSHAL'S SERVICE     MAGISTRATE JUDGE VIRGINIA MORGAN
FOR THE EASTERN DISTRICT OF
MICHIGAN[1], THE WAYNE COUNTY
JAIL, COUNTY OF SANILAC,
THE OAKLAND COUNTY JAIL, THE
OAKLAND COUNTY JAIL TRANSPORT,
OFFICER M. DIAZ and OAKLAND
COUNTY JAIL SUPERVISOR CARNEY,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

**I. Introduction**

      Defendants Oakland County Jail, Officer Diaz and Jail Supervisor Carney filed this

Motion to Dismiss (D/E #39). Plaintiff did not file a response and the time for filing a response

has passed. Defendants, who are now represented by counsel, state that the U. S. Marshals failed

to properly serve them. They seek an order requiring the Marshals to reserve them. For the

reasons discussed, it is recommended that defendants' motion to dismiss be granted in part and

---

[1] The United States Marshal's Service was dismissed from this action by order of United States District Court Judge David M. Lawson on August 10, 2007 (D/E #5).

-1-

denied in part. Specifically, it is recommended (1) that "Oakland County" be substituted for the jail as the proper defendant, (2) that Carney be dismissed with prejudice for lack of personal involvement, and (3) that the Clerk's Office issue new summons and the Marshals re-serve Oakland County and Officer Diaz forthwith.

## II. Background

On July 9, 2007, plaintiff filed the action pursuant to 42 U.S.C. § 1983. (D/E #1) Plaintiff alleged that defendants violated plaintiff's rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. (Complaint, p. 3) Specifically, plaintiff alleged that while being transferred from Wayne County Jail to Oakland County Jail on August 25, 2006, by defendant Diaz, Diaz directed profanity at plaintiff, struck plaintiff with a closed fist twice and used excessive force against plaintiff. (Complaint, pp. 21-22) According to plaintiff, while the pain subsided in four to six days, plaintiff remains emotionally distraught after the incident. (Complaint, pp. 21-22) Plaintiff further alleged that, while confined at the Oakland County Jail, he was forced to lie on concrete in an over-crowded holding area for four days and three nights and that being on the floor increased the pain from the injuries he suffered when Diaz assaulted him as well as bringing about new ailments. (Complaint, pp. 22-24) According to plaintiff, he was laughed at when he requested relief and medical attention from the jail's staff and there were no effective procedures in place regarding the filing of complaints. (Complaint, pp. 22-24) Plaintiff also alleged that he was transferred back to Wayne County Jail on August 26, 2006. (Complaint, p. 24) Outside of being named as a defendant and having his position at

the Oakland County Jail described (Complaint, p. 5), defendant Carney is not mentioned by name in the complaint.

On July 30, 2007, the Honorable R. Steven Whalen ordered the United States Marshal to serve the complaint and other appropriate papers on defendants (D/E #5). On October 13, 2007, a waiver of service was returned unexecuted as to Oakland County Jail (D/E #13). On December 17, 2007, Mary M. Mara filed an appearance on behalf of Oakland County Jail, Diaz and Carney (D/E #23). On May 5, 2005, waivers of service were returned unexecuted as to Diaz and Carney (D/E #33, #34).

On September 10, 2008, counsel for defendants Oakland County Jail, Diaz and Carney filed the instant motion. Defendants argue that the claims against them should be dismissed for lack of service. Counsel notes that she filed an appearance in this matter after learning of it and that she sent a letter, dated December 17, 2007 to the United States Marshal's Office asking that the complaint and waiver of service forms for the three defendants be directed to her, but no service was made.

## III. Standard of Review

Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(2). Defendants did not move for dismissal pursuant to Fed. R. Civ. P. 12(b)(5); that rule provides for dismissal on the basis of insufficient service of process. Fed. R. Civ. P. 12(b)(2) provides that an action may be dismissed for lack of personal jurisdiction. In this case, defendants argue that the court lacks jurisdiction over defendants because they were never served with a summons and complaint. A plaintiff is responsible for serving the summons and complaint within the applicable time period.

Fed. R. Civ. P. 4(c)(1). In an action before the court pursuant to 28 U.S.C. § 1915, the Marshals are responsible for service. Without personal service, a district court is without jurisdiction to render judgment against a defendant. Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991). The time limit for service of process is 120 days after the filing of the complaint. Fed. R. Civ. P. 4(m). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996), citing Habib v. Gen. Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994).

## IV. Discussion

### A. Dismissal

In this case, defendants Oakland County Jail, Diaz and Carney were not timely served. The complaint was filed on July 7, 2007, but those defendants were not served within 120 days of that filing and the deadline for timely service has long since passed.[2]

Plaintiff did not file a response to defendants' motion to dismiss but where, as here, an individual is granted leave to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). In Byrd, the Sixth Circuit held that the plaintiff had demonstrated good cause for failure to timely serve the

---

[2] Attorney Mara's appearance had no effect on the issue of service of process. "In order to object to a court's exercise of personal jurisdiction, it is no longer necessary to enter a 'special appearance.' Instead, '[a] defendant must attack the validity of service of process pursuant to Rule 12(b).'" County Sec. Agency v. Ohio Dept. of Commerce, 296 F.3d 477, 483 (6th Cir. 2002) (quoting Haile v. Henderson Nat'l Bank, 657 F.2d 816, 820 n. 4 (6th Cir.1981)). See also Lewellen v. Morley, 909 F.2d 1073, 1077 (7th Cir. 1990) (holding that "the filing of an 'appearance form' does not relieve plaintiff from executing proper service of process upon the defendants.").

defendants where the clerk's office failed to issue plaintiff's summons and failed to appoint a United States Marshal to serve the summons. 94 F.3d at 220. See also Abel v. Harp, 122 Fed. Appx. 248, 251-252 (6th Cir. 2005) (finding that good cause existed to excuse the failure to effect timely service where the plaintiff had been granted *in forma pauperis* status and where the plaintiff did not sit idly by when he knew there was a problem with service on the defendants.); Olsen v. Mapes, 333 F.3d 1199, 1204-05 (10th Cir. 2003) (holding that in forma pauperis plaintiffs were not culpable for failure to timely serve where there was no evidence that they failed to cooperate with the Marshals Service); Young v. Quinlan, 960 F.2d 351, 359 (3d Cir. 1992) (holding that *in forma pauperis* plaintiff "should not be penalized for failure to effect service where it failed through no fault of his own."); Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) ("a plaintiff proceeding *in forma pauperis* is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant.").

An incarcerated plaintiff proceeding *in forma pauperis should be able to* rely on service by the U.S. Marshals. Although plaintiff should have responded to this motion, and again "request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge," dismissal is too strong a sanction. Rochon, 828 F.2d at 1110.

First, defendant Oakland County Jail is not the proper entity. The caption should be amended to substitute "Oakland County" for "Oakland County Jail" as a defendant in this matter. Oakland County Jail, it is not a legal entity against which a suit can be directed. See Matthews

-5-

v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); see also Watson v. Gill, 40 Fed. Appx. 88, 89 (6th Cir. 2002). Instead, because Oakland County Jail is a department of the County, the County is the appropriate party to address plaintiff's suit. See Matthews, 35 F.3d at 1049; Watson, Fed. Appx. at 89. Earlier in this case, the court addressed a similar issue with respect to Sanilac County Jail and Sanilac County. The district judge found that substituting the appropriate legal entity was the proper course, rather than dismissal of the claim (D/E #36).

Second, no allegations of personal involvement are made against Carney, the jail supervisor. Under § 1983, only persons personally responsible for constitutional violations have liability. Mere employment of the tortfeasor is not sufficient to establish liability; a defendant must have personal involvement. Monell v. Department of Social Services, 436 U.S. 658, 690-92 (1978). Neither is *respondeat superior* a basis upon which to impose § 1983 liability. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976). A plaintiff must show that the supervisor encouraged the specific incident of misconduct or, in some other way, directly participated in it. Taylor v. Michigan Department of Corrections, 69 F.3d 76, 81 (6th Cir. 1995); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984), cert. denied, 469 U.S. 845 (1985). See also, Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1993).

This case is brought under 28 U.S.C. § 1915 which requires that a court shall dismiss a claim or defendant when it appears the action is frivolous or fails to state a claim. Such is the case with Carney and he should be dismissed with prejudice.

Third, new summons should be issued and the Marshals ARE ORDERED to serve FORTHWITH Oakland County and Officer Diaz.

**V. Conclusion**

For the reasons discussed above, the court recommends that defendants' motion to dismiss be denied in part and granted in part and that the case proceed to service against Oakland County and Officer Diaz.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                    s/Virginia M. Morgan
                                                    Virginia M. Morgan
                                                    United States Magistrate Judge

Dated: November 19, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on November 19, 2008.

                                                      s/Jane Johnson
                                                    Case Manager to
                                                    Magistrate Judge Virginia M. Morgan