UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERMAN PEGROSS,

                Plaintiff,

v.

                                    Case Number 07-12839
                                    Honorable David M. Lawson
THE WAYNE COUNTY JAIL,             Magistrate Judge Virginia M. Morgan
COUNTY OF SANILAC, COUNTY
OF OAKLAND, THE OAKLAND
COUNTY JAIL TRANSPORT,
and OFFICER M. DIAZ,

                Defendants.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND
GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

      This matter is before the Court on the plaintiff's objections to a report filed by Magistrate

Judge Virginia M. Morgan recommending that the defendants' motions for summary judgment be

granted. The plaintiff was a pretrial detainee under federal indictment at the time of the incidents

alleged in the complaint, held in custody in various state facilities under contract with the United

States Marshal's Service. He filed a complaint alleging that he was subject to uncomfortable and

abusive conditions by the defendants who held him as a pretrial detainee. The case was referred to

Judge Morgan to conduct all pretrial proceedings. The defendants then filed their motions. On May

20, 2009, Judge Morgan filed a report recommending that the motions be granted. The plaintiff filed

objections, which do not address the substance of the magistrate judge's report. Instead, the

objections amount to a request that this lawsuit be shelved until the plaintiff is released from prison.

The Court gave the plaintiff the option of requesting a voluntary dismissal without prejudice, but

the plaintiff never responded to that invitation. Because the objections are inadequate, the Court will adopt the magistrate judge's recommendation, grant the defendants' motions, and dismiss the case.

The facts of the case are summarized by the magistrate judge and need not be repeated here. The short version is that the plaintiff was arrested on November 22, 2005 and held in various county jails until January 24, 2007, when he was moved to a federal detention facility. The plaintiff alleges in his verified complaint that he was subject to inhumane treatment while confined in those facilities, and he was assaulted by defendant Diaz when Diaz was transporting the plaintiff from the Wayne County Jail to the Oakland County Jail.

The plaintiff filed his complaint against the present defendants plus the United States Marshal's Service and Oakland County Jail Supervisor Carney on July 9, 2007. The Court *sua sponte* dismissed the United States Marshal's Service from the suit on immunity grounds and referred the matter to Magistrate Judge Morgan for pretrial proceedings. The plaintiff had named as defendants the jails rather than the municipalities that operate them, so Sanilac County jail moved for summary judgment. The magistrate judge filed a report recommending that the motion be granted because the jail was not a legal entity that could be sued and that the plaintiff failed to allege a policy or custom against the municipality with one exception.

The Court adopted in part and rejected in part this report and recommendation. The Court found that Sanilac County should be substituted as a defendant for Sanilac County Jail. The Court also held:

> As to the rest of the defendant's motion, the Court agrees with Judge Morgan's conclusion that the plaintiff has not alleged a violation of a policy or custom against this defendant except in one instance. A complaint which fails to plead the existence of a custom, policy or practice should be dismissed. *Laise v. City of Utica*, 970 F. Supp. 605 (E.D. Mich. 1997) (citing *Fluellen v. U.S. Dept. of Justice Drug Enforcement Admin.*, 816 F. Supp. 1206 (E.D. Mich. 1993) and *Foster v. Walsh*, 864

-2-

> F.2d 416, 419 (6th Cir. 1988)). Therefore, the plaintiff may proceed against Sanilac
> County but only on the theory that the policy of not allowing contact visits with
> federal pretrial detainees is unconstitutional.

Order at 7. The matter was referred back to Judge Morgan for further proceedings.

The magistrate judge filed another report recommending that the case against defendant Carney be dismissed with prejudice. The Court adopted this report, noting that no objections were filed to it within the time period.

All remaining defendants then filed motions to dismiss or for summary judgment. The plaintiff did not respond to the first two motions (by Sanilac and Wayne Counties), despite being ordered to do so by the magistrate judge. He filed a response to the Oakland County defendants' motion for summary judgment on March 25, 2009 in which he stated that he did not understand the complex legal issues discussed in the motions, the law library facilities where he was incarcerated were inadequate, and he had vision problems. He asked for an extension of time to respond until he could be released from prison and hire a lawyer. The magistrate judge denied that request, citing Federal Rule of Civil Procedure 56(f), which requires a party seeking an extension of time to respond to a summary judgment motion to state in an affidavit why it cannot present essential facts in opposition to the motion.

As noted earlier, the magistrate judge then recommended that the defendants' motions be granted. Judge Morgan concluded that Sanilac County is not entitled to summary judgment on exhaustion grounds, but dismissal is warranted for the plaintiff's failure to state a claim against it. Judge Morgan found that the plaintiff complied with the grievance policy, which requires the jail corporal to forward the grievance to the jail administrator. It was the corporal who failed to do so in this case, not the plaintiff, so the plaintiff has exhausted his claims properly. However, the

plaintiff's claim of the unconstitutionality of the jail policy not allowing contact visits with spouses was rejected by the Supreme Court in *Block v. Rutherford*, 468 U.S. 576 (1984).

Judge Morgan suggested that Wayne County is entitled to summary judgment because the plaintiff failed to exhaust his administrative remedies. The plaintiff was required to appeal rejected grievances to the director of jails, but the plaintiff provides no evidence to contradict the jail's assertion that he failed to do so. The magistrate judge also determined that Wayne County is entitled to dismissal because even if the plaintiff's complaint could be construed to allege an unconstitutional policy of ignoring grievances, the plaintiff has failed to come forward with evidence to contradict Wayne County's evidence (in the form of responses to each of the plaintiff's grievances) that it engages in no such policy.

Diaz is entitled to summary judgment, the magistrate judge concluded, because the plaintiff has not exhausted his remedies against Diaz. The evidence submitted by the defendants shows that the plaintiff filed only one grievance, and this grievance does not involve Diaz. The plaintiff does not contradict this evidence.

Finally, Judge Morgan suggested that Oakland County is entitled to summary judgment because the plaintiff has failed to allege any policy, custom, or practice by Oakland County that caused him an injury.

On June 9, 2009, the plaintiff filed a document purporting to be objections to the magistrate judge's report and recommendation. In that document, the plaintiff does not object to the substance of the report and recommendation. Instead, he submitted a two-paragraph objection asserting that his vision and reading comprehension are poor and asking that he be permitted to continue the

-4-

complaint after he has been released from custody.  He then proceeded to accuse the Court as well as the magistrate judge of harboring a bias against him.

In response, the Court entered an order on June 26, 2009 construing the objections as a request for a stay of proceedings.  The Court denied that request because there was no basis to continue the case on the docket until the plaintiff was released from prison.  However, the Court stated it would entertain a request from the plaintiff for voluntary dismissal under Federal Rule of Civil Procedure 41(a), and gave the plaintiff three weeks to make that request.  There has been no further contact from the plaintiff through the present date.

Generally, objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1).  However, the Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement."  *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general."  *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

The plaintiff's objections are far too general to satisfy the specific objection requirement.  Moreover, he fails to identify any issues with the report, instead raising unfounded charges of bias.  "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections."  *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).  The Court must conclude in this case that the plaintiff has waived his right to object to the substance of the report, and this Court need not conduct a *de novo* review of the issues thoroughly addressed by the magistrate judge.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's

-5-

report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Moreover, after examining the record, the Court agrees with the magistrate judge that the defendants' motions should be granted.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #60] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #61] are **OVERRULED**.

It is further **ORDERED** that the motions for summary judgment by defendants Sanilac County [dkt #43], Wayne County [dkt #46] and Oakland County and Diaz [dkt #56] are **GRANTED**, and the complaint is **DISMISSED with prejudice**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 17, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2009.

s/Susan Pinkowski
SUSAN PINKOWSKI
